# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| LINDA McFADDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08-5086-SSA-CV-SW-WAK |
| | ) |
| MICHAEL J. ASTRUE, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Claimant Linda McFadden seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g) of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. She claims she became disabled beginning on April 28, 2004. The parties' briefs were fully submitted, and on June 2, 2009, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

supports and detracts from the administrative determination.  Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant.  McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

Plaintiff Linda McFadden worked for many years as a licensed practical nurse or receptionist.  She alleges she developed feet problems, fibromyalgia, back pain, neuropathy, depression and severe fatigue which forced her to stop working.  She uses ankle-foot orthotics or braces on both legs, and the Administrative Law Judge (ALJ) found McFadden has severe bilateral pronated flat feet.  The ALJ did not find McFadden has other severe impairments within the meaning of the Social Security Act, and ultimately determined plaintiff could return to her former work as a receptionist.

The records indicate claimant is in her fifties, is five feet seven inches tall, and weighs approximately 155 pounds. She states she cannot walk or stand for more than a few minutes, has back pain when she sits at a desk, cannot get up and down off the floor, has severe fatigue with flu-like symptoms and has deep aching muscle pain.

The ALJ summarized the medical records, but indicated claimant's rheumatology examinations did not substantiate she met the criteria for a diagnosis of fibromyalgia. The treatment notes of Dr. Abu-Libdeh, who appears to be a rheumatologist, documents tender spots and trigger points, and includes findings of early osteoarthritis, fibromyalgia, history of myasthenia gravis, and history of osteoporosis. (TR at 161.) Trigger points were also documented at a separate examination by a different physician. (TR at 168.)

The ALJ appears to have given greater weight to the opinion of the physician who did a disability analysis than she did to the opinions of plaintiff's treating physicians. The ALJ determined plaintiff has the residual functional capacity to

> lift/carry 50 pounds maximum occasionally and 25 pounds frequently, stand/walk two hours, has an unlimited ability to sit and push/pull and can frequently climb, balance, kneel, crouch and crawl. She should be able to walk or stand 20 to 30 minutes in an hour and would have a mild limitation in the ability to travel due to her ambulatory capacity.

(TR at 24.)

There is simply no substantial evidence in the record as a whole to support this finding. The ALJ does not appear to have considered plaintiff's pain, fatigue, symptoms from fibromyalgia or the limitations identified by her treating physicians.

Further, in a letter to the appeals council, plaintiff indicates she took the reception job as a last resort, because she couldn't continue to stand on her feet all day. She then returned to nursing work because she was having more problems with her back and legs when she was sitting than she had experienced when she was working on her feet. She also states the stress of the reception job negatively affected her fibromyalgia. (TR at 255.)

In her disability report, claimant also states she changed jobs because of her symptoms, and that she quit her job in 2002 because of pain and fatigue, and because her employer was upset that she was taking breaks.

3

Case 3:08-cv-05086-WAK   Document 10   Filed 06/10/09   Page 3 of 4

The Eighth Circuit has repeatedly held that "the inquiry must focus on the claimant's ability 'to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world'." Tang v. Apfel, 205 F.3d 1084, 1086 (8th Cir. 2000).

In this case, the ALJ erred in finding McFadden's fibromyalgia had not been shown to meet the diagnostic criteria during rheumatology examinations, in not considering her symptoms in conjunction with her other impairments, and in not giving greater weight to the impressions and opinions of her treating physicians. Accordingly, for these reasons and those set forth in more detail in the claimant's brief and at the oral argument, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for further consideration and/or development of the record in light of the diagnosis of fibromyalgia, and to determine whether there was other work in the economy that plaintiff could have performed at the relevant times.

Dated this 10th day of June, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4